UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BOBBIE CARNE; ALL MY TOMORROWS PET RESCUE a California corporation; ELEANOR TRIBOLETTI; CAROLINE GRAYSON,**<br><br>**Plaintiffs**<br><br>v.<br><br>**STANISLAUS COUNTY ANIMAL SERVICES AGENCY; ANNETTE PATTON, in her individual and official capacities; CONNIE HOOKER, in her individual and official capacities; and DOES 1-50 inclusive,**<br><br>**Defendants** | **CASE NO. 1:19-CV-1151 AWI SKO**<br><br>**ORDER RE: MOTION FOR SUMMARY JUDGMENT**<br><br><br>**(Doc. 45)** |

## I. Introduction

Plaintiff Bobbie Carne was a former volunteer or visitor at the Stanislaus County animal shelter ("Stanislaus Shelter"). Defendant Annette Patton is the Director and Defendant Connie Hooker is the Animal Control Supervisor of the Stanislaus Shelter.

The Hayden Act is a California law passed in 1998 that regulated the treatment of animals in state run animal shelters, generally required the release of the animals to rescue organizations, and limited the ability of shelters to euthanize animals. Plaintiff believes that Defendants have violated the Hayden Act in the operation of the Stanislaus Shelter by failing to provide appropriate veterinary care, failing to cooperate with animal rescue organizations, and improperly euthanizing animals. Plaintiff alleges that after she began publicly criticizing the Stanislaus Shelter on social

media platforms, Defendants retaliated against her by disallowing her from videotaping the operations of the Stanislaus Shelter inside the facility.

Defendants have filed a motion for summary judgment. Doc. 45. Plaintiff has not filed a brief in opposition.

## II. Legal Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1080 (9th Cir. 2004). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying the portions of the declarations (if any), pleadings, and discovery that demonstrate an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). A fact is "material" if it might affect the outcome of the suit under the governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Thrifty Oil Co. v. Bank of America Nat'l Trust & Savings Assn, 322 F.3d 1039, 1046 (9th Cir. 2002). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

> In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact.
>
> If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything. If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense. If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment.

Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., 210 F.3d 1099, 1102-03 (9th Cir. 2000), citations omitted.

"When the nonmoving party does not file an opposition to a motion for summary judgment, the Court must still consider the motion on the merits." See Heinemann v. Satterberg, 731 F.3d 914, 917 (9th Cir. 2013); see also Martinez v. Stanford, 323 F.3d 1178, 1183 (9th Cir. 2003). But, "In opposing summary judgment, a plaintiff may no longer rest on the allegations in his complaint but must 'affirmatively demonstrate that there is a genuine issue of material fact for trial.'" Davis v. Diaz, 2020 U.S. Dist. LEXIS 65904, at *15-16 (D. Alaska Apr. 15, 2020), citing Whitman v. Nesic, 368 F.3d 931, 933-34 (7th Cir. 2004). "If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

### III. Discussion

**A. Objections to Evidence**

This motion must be decided based on a restricted set of documents. In opposing the motion, Plaintiff has not filed an opposition brief. Instead, Plaintiff has filed a response to Defendants' statement of material facts (Doc. 50). Additionally, Plaintiff provide the declarations of Jaime Heilman (Doc. 48), Bobbie Carne (Doc. 49), Nicole Howard (Doc. 50-1), and written communications from Lynette Smithers (Doc. 49, Ex. A) and Terry Moore (Doc. 49, Ex. B). Defendants make several objections to these declarations. Doc. 53-1.

Defendants object to specific parts of Jaime Heilman's declaration for lack of personal knowledge. Doc. 53-1, 10:10-12:11. These specific issues need not be addressed as they do not affect the analysis of this motion.

Nicole Howard's declaration (Doc. 50-1) is unsigned and should not be considered. "An unsigned affidavit or declaration is an inadmissible document because there is no proof that the declarant saw the document or approved of its contents." Fresno Rock Taco, LLC v. Nat'l Sur.

3

Corp., 2012 U.S. Dist. LEXIS 111650, at *21 (E.D. Cal. Aug. 8, 2012) (declining to consider any unsigned declarations in analyzing a motion for summary judgment).

The written communication from Lynette Smithers and Terry Moore purport to be letters "stating Bobbie Carne did not harass [them]." Doc. 49, 3:10-13.  For this purpose, they would have to be in the form of declarations to be considered.  The letter from Lynette Smithers (Doc. 49, Ex. A) is wholly illegible while the letter from Terry Morley (Doc. 49, Ex. B) is an unsigned printout of a text message.  Neither can be considered in this motion.

The most significant objection is to Plaintiff Bobbi Carne's declaration.  The declaration provides no substantive written information, but rather consists of 11 electronic links to online video and audio files stored on the www.dropbox.com service; the links are provided with only the statement that "Below is a link of a true and correct copy of video at the Stanislaus County Shelter." Doc. 49, 1:26.

Defendants argue that "Plaintiff merely proclaims the videos are true copies, but fails to lay any foundation or authentication necessary to establish their respective admissibility." Doc. 52-1, 6:3-4.  This is linked to the objection that "Plaintiff displays a 'dropbox' link, and expects the parties and the court to download them…this is not proper submission of evidence, and violates Local Rule 138(l). Otherwise, the referenced video and audio were not served on Defendants." Doc. 53-1, 5:16-19.  Local Rule 138(l) requires that "All audio and video files are required to be submitted electronically in one of the formats listed on the Electronic Evidence Submission page on the Court's Website www.caed.uscourts.gov. Submissions must be made on either a Compact Disk (CD), Digital Video Disk (DVD), or USB (Universal Serial Bus) Flash Drive." E.D. Cal. Ct. R. 138(l).  Plaintiff appears to have violated the applicable local rule.

Additionally, Plaintiff has not presented the evidence in a way that allows the court to readily identify disputed facts.  Plaintiff cites to Bobbi Carne's declaration to dispute Defendants' Statement of Material Fact. Doc. 50.  Some of the citations are to individual video or audio files but several are to the declaration as a whole.  Plaintiff just cite to "Declaration of Bobbie Carne." See, e.g Doc. 50, 2:20, 3:14, and 3:22.  Other citations are to "Declaration of Bobbie Carne. ¶ CARNE 000041" which, from what can be gathered, is not a video or audio file in the declaration.

4

1  These files as a whole constitute an estimated 6 hours of video and audio.  Of the files cited to
2  specifically, the most often cited one is "Carne – Bates No. 492", but that is an approximately 50
3  minute long video. See, e.g. Doc. 50, 6:12, 6: 19, and 7:4.  Plaintiff does not cite to any specific
4  part of any video or audio file to support any disputed fact.  Plaintiff's specific assertions cannot
5  be readily ascertained given the way Plaintiff has presented the evidence.  "The district court need
6  not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is
7  not set forth in the opposing papers with adequate references so that it could conveniently be
8  found." Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).  For these
9  reasons, Bobbi Carne's declaration (Doc. 49) will not be relied upon in deciding this motion.

These objections leave much of Defendants' Statement of Material Facts unchallenged. Plaintiff has not objected to the evidence presented by Defendants.

**B. Retaliation**

> To state a First Amendment retaliation claim, a plaintiff must plausibly allege that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct. To ultimately prevail on such a claim, a plaintiff must establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury. Specifically, a plaintiff must show that the defendant's retaliatory animus was a but-for cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive.

Capp v. Cty. of San Diego, 940 F.3d 1046, 1053 (9th Cir. 2019), citations and quotations omitted.

Criticism of SASA actions is a protected activity. Id. at 1054 ("It is well settled that the activity for which Capp was allegedly retaliated against—voicing criticism of the Agency's conduct—is constitutionally protected."). Filming government actions is a protected activity: "we have recognized that there is a 'First Amendment right to film matters of public interest.' It defies common sense to disaggregate the creation of the video from the video or audio recording itself. The act of recording is itself an inherently expressive activity; decisions about content, composition, lighting, volume, and angles, among others, are expressive in the same way as the written word or a musical score." Animal Legal Def. Fund v. Wasden, 878 F.3d 1184, 1203 (9th Cir. 2018), quoting Fordyce v. City of Seattle, 55 F.3d 436, 439 (9th Cir. 1995).

5

The central dispute is whether there was any chilling effect. As a general matter, "where a public official's alleged retaliation is in the nature of speech, in the absence of a threat, coercion, or intimidation intimating that punishment, sanction, or adverse regulatory action will imminently follow, such speech does not adversely affect a citizen's First Amendment rights, even if defamatory." Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 687 (4th Cir. 2000). The activity in question is Plaintiff's videotaping of Stanislaus Shelter's activities and Defendants' actions in response. Defendants assert in their Statement of Material Facts that "Plaintiff entered portions of the facility that were posted and designated as 'employees only,' and videotap[ed] in these restricted areas." Doc. 45-2, 5:9-12. Plaintiff does not dispute that she was videotaping in restricted areas. Doc. 50, 5:11-19. As part of this motion, Plaintiff has not put forward any argument that she was videotaping in public areas of the Stanislaus Shelter. Defendants claim that Plaintiff continued to videotape after being asked to stop while Plaintiff asserts she "did not refuse to stop videotaping." Doc. 50, 5:19-26. After that, Defendant Patton contacted the police. Doc. 45-2, 5:25-28.

Defendants argue that "the few requests by an employee for her to stop recording without permission were not 'regulatory, proscriptive, or compulsory in nature,' but transitory and based on the immediacy of the moment, not some pronouncement from the SASA legislative body - the Board. Plaintiff was not an employee, and even if Plaintiff characterizes the requests as 'orders' from an employee, there was no legal effect from any 'order.'" Doc. 45-1, 5:6-10. First, the fact that the order was "not some pronouncement from the SASA legislative body - the Board" is immaterial as the Monell claims against SASA in this case have already been dismissed; the remaining claims are against Defendants Patton and Hooker in their individual capacity.

The claim that "there was no legal effect" is not straightforward. Defendants' own statement of undisputed facts asserts "14. Defendant Connie Hooker approached Plaintiff, and told her that she did not have permission to video tape any employee or volunteer at the shelter; Plaintiff refused to stop recording.  15. Defendant Patton determined Plaintiff's behavior was disrupting Agency operations, and Ceres Police Department was contacted." Doc, 53-2, 7:10-25. Defendant Patton described the facts in a declaration as "I determined the Ceres Police

6

Department should be called, who arrived [and] escorted Plaintiff from the facility. I understand Plaintiff was not cited or arrested because I declined to press charges." Doc. 45-1, 2:22-24.  She also wrote in a letter to Plaintiff on December 18, 2017 that "You were told that you did not have permission to video tape any employee or volunteer at the shelter and were asked to turn off the video recorder, which you refused to do. Ceres Police Department was then contacted and two officers arrived. You engaged in a lengthy argument with the officers about your entrance into an area marked strictly for employees only. Staff attempted to show you the area where the signs were posted, but due to your argumentative behavior, the officers took immediate action and removed you from the facility. The officers explained to you that you were in a government building and must follow the posted shelter rules." Doc. 45-3, Ex. A.  Defendant Hooker similarly states in her declaration that "Ceres Police Department were on the premises and escorted Plaintiff from the premises." Doc. 45-4, 2:20.  Defendant Patton declaration appears to state that she could have sought to press charges belying the assertion that "there was no legal effect from any 'order.'" Doc. 45-1, 5:10.  Defendants' legal argument is that the consequence to Plaintiff was legally de minimis and not actionable because "16. Plaintiff was escorted from the building [by police], but not cited or arrested." Doc. 53-2, 8:1-3.  Significantly, Plaintiff does not dispute that she was escorted out but not cited or arrested. Doc. 50, 6:4-10.  Defendants' position is that "merely seeking police intervention to have Plaintiff escorted off the facility on two incidents, that did not result in citations or arrests, were not sufficiently adverse for First Amendment purposes." Doc. 45-1, 5:26-6:1.

    At least one federal district court has suggested that to satisfy the second requirement of a retaliation claim, an actual citation or arrest is not necessary; rather, the threat of citation or arrest is sufficient.  The Central District of California stated that "A retaliatory arrest — or even a warning or threat of arrest — plainly meets that standard." Johnson v. Cty. of San Bernardino, 2020 U.S. Dist. LEXIS 165647, *45 (C.D. Cal. June 24, 2020), citing Ford v. City of Yakima, 706 F.3d 1188, 1193 (9th Cir. 2013).  However, in the Central District case, the plaintiff was detained and actually arrested under Cal. Pen. Code § 69, Resisting executive officers. Id. at *10-13. Similarly, the Ninth Circuit case the Central District cited to involved an individual who was

7

actually "booked and jailed." Ford v. City of Yakima, 706 F.3d 1188, 1193 (9th Cir. 2013).  In other cases where a chilling effect was found, there was more than a threat of citation or arrest.  See Thompson v. Cty. of Riverside, 2020 U.S. Dist. LEXIS 247367, *51 (C.D. Cal. Sep. 28, 2020) ("telling Plaintiff to leave the Courthouse, followed by handcuffing and citing Plaintiff, after Plaintiff refused, meets the second factor"); Perez-Morciglio v. Las Vegas Metro. Police Dep't, 820 F. Supp. 2d 1111, 1119 (D. Nev. 2011) ("A reasonable jury could find that a person of ordinary firmness would be deterred from future First Amendment activities by LVMPD Defendants handcuffing Plaintiffs, searching them, detaining them, threatening arrest if Plaintiffs returned to the Venetian, and issuing a misdemeanor warning. Although LVMPD Defendants contend Scott and Schaier never told Plaintiffs they could not return to the sidewalk, the police officers never clarified for Plaintiffs where they lawfully could be. Instead, the police officers advised Plaintiffs that if they came back to Venetian property they would be arrested, despite Plaintiffs' continued protestations that they were on a public sidewalk").

     In this case, it is undisputed that "16. Plaintiff was escorted from the building, but not cited or arrested." Doc. 50, 6:4-10.  There is no evidence presented that Plaintiff was even threatened with citation or arrest.  While Defendants' actions might be considered retaliatory at the level of having a chilling effect given that all reasonable inferences are drawn in favor of the non-moving party, that conclusion is not firmly supported by the extant case law presented by the parties.

     In this motion, Defendants have also raised the issue of qualified immunity and argue that "there is no clearly established law." Doc. 45-1, 9:3-8.  To determine if law is clearly established for qualified immunity purposes, binding authority is first consulted: "If the right is clearly established by decisional authority of the Supreme Court or this Circuit, our inquiry should come to an end. On the other hand, when 'there are relatively few cases on point, and none of them are binding,' we may inquire whether the Ninth Circuit or Supreme Court, at the time the out-of-circuit opinions were rendered, would have reached the same results. Thus, in the absence of binding precedent, we 'look to whatever decisional law is available to ascertain whether the law is clearly established' for qualified immunity purposes, 'including decisions of state courts, other circuits, and district courts.'" Boyd v. Benton Cty., 374 F.3d 773, 781 (9th Cir. 2004), citations

omitted. However, "district court decisions—unlike those from the courts of appeals—do not necessarily settle constitutional standards or prevent repeated claims of qualified immunity." Hamby v. Hammond, 821 F.3d 1085, 1095 (9th Cir. 2016), quoting Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011). Additionally, the analysis should not be conducted "at too high a level of generality." Hamby v. Hammond, 821 F.3d 1085, 1090 (9th Cir. 2016).

Here, Plaintiff has not provided any Ninth Circuit or U.S. Supreme Court precedent that suggests the police action rises to the level of having a chilling effect. The federal district court precedent is also unclear on the question of chilling effect given the facts of this specific case. On this basis, qualified immunity in favor of Defendants must be granted.

**IV. Order**

1. Defendants' motion for summary judgment is GRANTED on the grounds of QUALIFIED IMMUNITY.

2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   April 7, 2023                        _____
                                              SENIOR  DISTRICT  JUDGE